[58 NYS3d 870]

In the Matter of Frank B. Scibilia, an Attorney, Respondent. Grievance Committee of the Fifth Judicial District, Petitioner.

Fourth Department, July 31, 2017

APPEARANCES OF COUNSEL

*Mary E. Gasparini*, *Principal Counsel, Fifth Judicial District Grievance Committee*, Syracuse, for petitioner.

*Emil M. Rossi* and *Kimberly M. Zimmer*, Syracuse, for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on January 10, 1991, and maintains an office in Syracuse. In May 2016, the Grievance Committee filed a petition alleging against respondent certain charges of professional misconduct, including failing to communicate with clients and withdrawing from representation without obtaining the permission required under the rules of the tribunal presiding over the matter. Respondent filed an answer admitting the allegations and submitting matters in mitigation and, in June 2016, he appeared before this Court and was heard in mitigation. The parties thereafter filed with this Court a joint motion for an order imposing discipline by consent.

Section 1240.8 (a) (5) of the Rules for Attorney Disciplinary Matters (22 NYCRR) provides that, at any time after the Grievance Committee files a petition alleging professional misconduct against an attorney, the parties may file a joint motion requesting the imposition of discipline by consent, which must include a stipulation of facts, the respondent's conditional admission of acts of professional misconduct and specific rules or standards of conduct violated, any relevant aggravating and mitigating factors, and an agreed-upon disciplinary sanction (*see* 22 NYCRR 1240.8 [a] [5] [i], [ii]). If the motion is granted, the Court must issue a decision imposing discipline upon the respondent based on the stipulated facts and as agreed upon in the joint motion. If the motion is denied, however, the conditional admissions are deemed withdrawn and may not be used in the pending proceeding (*see* 22 NYCRR 1240.8 [a] [5] [iii]).

In this case, respondent on the joint motion conditionally admits that, from 2012 through 2015, he failed to communicate adequately with two clients, failed to appear for numerous scheduled court appearances on behalf of one of those clients,

and withdrew from representing that client without obtaining permission from the court presiding over the matter. Respondent further admits that his conduct resulted in prejudice to one of the clients.

We grant the joint motion of the parties and conclude that respondent has violated the following Rules of Professional Conduct (22 NYCRR 1200.0):

rule 1.4 (a) (3)—failing to keep a client reasonably informed about the status of a matter;

rule 1.16 (d)—withdrawing from employment without obtaining from a tribunal the permission required under the rules of the tribunal; and

rule 8.4 (d)—engaging in conduct that is prejudicial to the administration of justice.

We have considered, in imposing the sanction agreed upon by the parties, the nature of the misconduct and certain aggravating factors, including that respondent has previously received several letters of caution and a letter of admonition for similar conduct, and that he became the subject of additional disciplinary complaints after the instant petition was filed. We have also considered, however, certain mitigating factors, including that respondent is participating in an attorney mentoring program with the Oneida County Bar Association, that the misconduct occurred while he was suffering from depression for which he has since sought treatment, and that he has not become the subject of any disciplinary complaints since October 2016, thereby evidencing the progress he has made in addressing the issues that contributed to the misconduct. We have additionally considered that respondent has agreed to follow all recommendations of his mental health treatment providers and to continue participating in the attorney mentoring program for a period of one year. Accordingly, we conclude that respondent should be censured.

CENTRA, J.P., PERADOTTO, LINDLEY, CURRAN and SCUDDER, JJ., concur.

Order of censure entered.